IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| SHAMSIDDEEN HATCHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 17-1047-JDT-egb |
| | ) | |
| GARRY JACKSON, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER MODIFYING REPORT AND RECOMMENDATION,
DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On March 15, 2017, Plaintiff Shamsiddeen Hatcher, a resident of Bristol, Virginia, filed a *pro se* civil complaint which is titled simply "Tort Claim". (ECF No. 1.) After Plaintiff filed the required application (ECF No. 4), U.S. Magistrate Judge Edward G. Bryant granted leave to proceed *in forma pauperis* (ECF No. 5). On December 29, 2017, Magistrate Judge Bryant issued a Report and Recommendation (R&R) in which he recommended the Court dismiss the case *sua sponte* for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (ECF No. 9.) Objections to the R&R were due within fourteen days, on or before January 16, 2018. *See* Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (d). However, Plaintiff has filed no objections. For the reasons that follow, the Court agrees with the Magistrate Judge that the complaint in its present form must be dismissed but finds that Plaintiff should be allowed to file an amended complaint.

Plaintiff's complaint concerns events that occurred while he was previously incarcerated at the Whiteville Correctional Facility (WCF) in Whiteville, Tennessee. He sues WCF Corrections Officer Garry Jackson and Tammy Ford, the Warden of the WCF. Plaintiff states that Defendant Jackson's primary job function was to collect urine samples from the WCF prisoners for drug screens. He states that he witnessed Defendant Jackson administer more than thirty drug screens per day, five days a week and sometimes on Saturday. (ECF No. 1 at 1.) On one occasion, Defendant Jackson allegedly told Plaintiff that he enjoyed his job very much. (*Id.*) Plaintiff construed Jackson's comment to mean that Jackson is a homosexual and that collecting the urine samples provided him with sexual gratification. (*Id.*) He alleges that "almost all" the WCF prisoners believe that Jackson is gay and feel they are being harassed by his collection of the urine samples. (*Id.* at 2.)

Plaintiff filed a complaint with internal affairs and requested that Jackson be stopped from collecting any more urine samples from him. (*Id.* at 1-2.) However, Plaintiff alleges that Jackson still attempted to collect urine samples from him on five or six occasions after that request; Plaintiff also alleges those samples were unnecessary and constituted harassment. (*Id.* at 2.) He contends that Defendant Ford should be liable for allowing the harassment to continue. (*Id.*)

The Magistrate Judge construed Plaintiff's complaint as filed pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, and recommended dismissal because Plaintiff did not exhaust his administrative remedies or name the United States as a defendant. However, there is nothing in the complaint that indicates Plaintiff intended to

file under the FTCA. The FTCA governs tort claims involving "the negligent or wrongful act or omission of any employee of the Government," § 1346(b)(1); that is, claims involving the actions or omissions of employees of the United States. *See* § 2671 (defining "employee of the government"). The WCF is not a United States prison facility and its employees are not employees of the United States. The WCF is a privately-managed prison facility that has contracted with the State of Tennessee to house inmates in the custody of the Tennessee Department of Correction. Therefore, the FTCA is not applicable in this case.

The Supreme Court has stated:

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.") A federal court may address its subject-matter jurisdiction *sua sponte*. *See, e.g., Ins. Corp. of Ireland, Ltd.*, 456 U.S. 694. 702 (1982) ("a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion"). Furthermore, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Plaintiff's complaint does not state any basis for federal subject-matter jurisdiction in this matter. There is no allegation that the action arises "under the Constitution, laws, or treaties of the United States," as required for federal question jurisdiction under 28 U.S.C. § 1331. The complaint also does not allege there is complete diversity of citizenship, as required for jurisdiction under 28 U.S.C. § 1332(a). Therefore, the complaint is DISMISSED pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject-matter jurisdiction. However, leave to amend is GRANTED.

Any amended complaint shall be filed within thirty (30) days after the date of this order and shall allege a basis for this Court's subject-matter jurisdiction. The text of the amended complaint must identify each defendant sued, set forth the specific causes of action that are asserted against each defendant, and allege sufficient facts to support each of those claims. If Plaintiff fails to file an amended complaint within the time specified, the Court will enter judgment against him based on the dismissal of the original complaint.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE